IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01543-BNB

FREDDIE A. DIAZ,

Applicant,

v.

WARDEN KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.



## ORDER OF DISMISSAL

I. Background

Applicant Freddie A. Diaz is a prisoner in the custody of the Colorado Department of Corrections at the Sterling, Colorado, Correctional Facility. Mr. Diaz initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in the Arapahoe County District Court in Case Nos. 88CR399 and 88CR574. In an order entered on August 15, 2008, Magistrate Judge Craig B. Shaffer directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 26, 2008, Respondents filed an Pre-Answer, and on September 15, 2008, Mr. Diaz filed a Reply to the Pre-Answer.

In his Application, Mr. Diaz asserts that he was convicted in the Arapahoe County District Court of Colorado of second degree kidnapping, aggravated robbery, first and second degree burglary, theft, criminal conspiracy, and aggravated motor vehicle theft in Case No. 88CR399 and was sentenced to 115 years of incarceration. (Application at 2.) He further asserts that he was convicted of second degree kidnapping, first and second degree burglary, aggravated robbery, first degree sexual assault, and conspiracy to commit burglary in Case No. 88CR574 and was sentenced to five consecutive life sentences to run consecutive to his sentence in Case. No. 88CR399. (Application at 2a.) Mr. Diaz states that the judgments of conviction were entered in both cases on October 5, 1988, and that the Colorado Supreme Court denied his petition for writ of certiorari in a direct appeal, apparently in both cases, on January 14, 2008. (Application at 1-2.)

Mr. Diaz also asserts that he filed a Colo. R. Crim. P. 35(c) postconviction motion on August 22, 1991, that the trial court denied the motion, that the state court of appeals affirmed the denial, and that the Colorado Supreme Court denied his petition for certiorari review on December 26, 1995. (Application at 4a.) Mr. Diaz further states that he filed a second Rule 35(c) postconviction motion on December 26, 2004, that the trial court denied the motion, and that the trial court's denial was affirmed by the highest state court on January 24, 2008. (Application at 4.)

In the Pre-Answer, Respondents contend that in Case No. 88CR399 a trial jury convicted Mr. Diaz of second degree kidnapping, aggravated robbery, first degree burglary, second degree burglary, aggravated motor vehicle theft, theft over $10,000, and four counts of crime of violence, and that he was sentenced on October 6, 1988, to

2

a total of 115 years in prison. (Pre-Answer at 2.) His conviction and sentence were affirmed on appeal on May 10, 1990, and his petition for writ of certiorari was denied on December 24, 1990. (Pre-Answer at 2.)

Respondents also contend that in Case No. 88CR574 a trial jury convicted Mr. Diaz of second degree kidnapping of a victim of sexual assault, first degree sexual assault, second degree kidnapping of a victim of sexual assault and robbery, attempted first degree sexual assault, first degree burglary, second degree burglary, two counts of aggravated robbery, theft over $10,000, third degree sexual assault, conspiracy to commit first degree burglary, four habitual criminal counts, and eight violent crime counts, and was sentenced to five consecutive terms of life imprisonment. (Pre-Answer at 2-3.) His conviction was affirmed on appeal, and his petition for certiorari review was denied on December 24, 1990. (Pre-Answer at 3.)

Respondents further contend that Mr. Diaz filed a postconviction motion in both cases at issue in the instant action. (Pre-Answer at 4.) The motion was denied by the trial court, the state court of appeals affirmed the denial of Mr. Diaz's consolidated appeal, and his petition for certiorari review was denied on August 24, 1995. (Pre-Answer at 4.) As for his second postconviction motion, Respondents state that Mr. Diaz filed the motion in December 2004, attacking his convictions in both cases at issue in this action. (Pre-Answer at 4.) The trial court denied the motions, the state court of appeals affirmed the denial, and the Colorado Supreme court denied Mr. Diaz's petition for certiorari review on January 14, 2008. (Pre-Answer at 4.)

II. Analysis

The Court must construe liberally Mr. Diaz's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Diaz's Application is untimely and not subject to equitable tolling. (Pre-Answer at 5.) Respondents assume Mr. Diaz filed his first postconviction motion immediately after the mandates issued in his direct appeals and before any portion of the one-year period elapsed. (Pre-Answer at 5.) Respondents contend based on their assumption that Mr. Diaz's convictions in both cases became final on August 24, 1995, when the Colorado Supreme Court denied certiorari review of Mr. Diaz's first state postconviction motion. (Pre-Answer at 5.) Respondents conclude, without addressing Mr. Diaz's postconviction motion filed in 2004, that his application is untimely, under 28 U.S.C. § 2244(d), because he did not file the instant action until August 7, 2008, more than twelve years after his conviction was final. (Pre-Answer at 6.)

Respondents conclude that Mr. Diaz is time-barred because he fails to assert rare and extraordinary circumstances that may warrant equitable tolling of the one-year time limitation pursuant to 28 U.S.C. § 2244(d). (Pre-Answer at 6.) Citing to *Laurson v. Leyba*, 507 F.3d 1230 (10th Cir. 2007), *Johnson v. Jones*, 274 Fed. Appx. 703 (10th Cir. 2008), *Cothrum v. Hargett*, 178 Fed. Appx. 855 (10th Cir. 2006), *Rivera v. Beck*, 122 Fed. Appx. 408 (10th Cir. 2005), and *Reupert v. Workman*, 45 Fed. Appx. 852 (10th Cir. 2002), Respondents argue that mere allegations of mental deficiencies, brain

5

damage, or learning disabilities do not constitute the rare and exceptional circumstances that justify equitable tolling.

In his Reply, Mr. Diaz asserts that the final mandate in Case No. 93CA1072 issued on February 2, 1996, in his first postconviction motion, and that he filed a motion to obtain records for pursuing a second Rule 35(c) postconviction motion on February 18, 2000. (Reply at 1.) He further asserts that he filed a notice of appeal on July 17, 2002, regarding the provision of state court records, and that the appeal was dismissed on October 28, 2002. (Reply at 2.) Mr. Diaz also claims that he filed his second postconviction motion on December 18, 2004. He concludes that he filed his request for state court records within four years of the final mandate issued on February 2, 1996, and was within the five-year grace period under *People v. Fagerholm*, 768 P.2d 689 (Colo. 1989). Mr. Diaz further contends that he does not understand equitable tolling. He, however, asserts, apparently in support of a claim for equitable tolling, that he was not able to file a proper postconviction motion in 2000, 2002, or in 2004, because he was denied access to court records and transcripts, and that he has mental deficiencies, brain damage, or learning disabilities.

The Court finds that Mr. Diaz was convicted in both cases on October 5, 1988. (Pre-Answer, App. O at 2-3.) His petition for certiorari review was denied on December 24, 1990, in both cases. (Pre-Answer at Apps. F and M.) Mr. Diaz's convictions, however, were not final until March 25, 1991. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (tolling under § 2244(d) includes the time a petitioner can file a petition for a writ of certiorari with the U.S. Supreme Court whether or not the petitioner actually files such a petition) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir.

1999); *see also* Sup. Ct. R. 13.1. and 30.1 (if last day of the time period is a Sunday the time extends to the end of the next day). Mr. Diaz's convictions in both cases, nonetheless, were final prior to the effective date of 28 U.S.C. § 2244(d).

In the absence of any reason to toll the limitations period, Applicant should have initiated this action prior to April 24, 1997, one year after § 2244(d) became effective. **See United States v. Simmonds**, 111 F.3d 737, 746 (10th Cir. 1997). The petition for certiorari review in Mr. Diaz's first Rule 35(c) postconviction motion was denied by the Colorado Supreme Court on December 26, 1995. (Pre-Answer, App. S.) A Rule 35(c) motion is final on the date the petition for certiorari review is denied. **See Gibson**, 232 F.3d at 804; **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999). Nonetheless, whether Mr. Diaz's first Rule 35(c) postconviction motion was final on December 26, 1995, or on February 2, 1996, when the mandate issued, the motion was final prior to April 24, 1996, and did not toll the time for purposes of § 2244(d).

Therefore, Mr. Diaz did not have a postconviction motion or collateral proceeding pending in state court from April 25, 1996, the day after § 2244(d) became effective, until December 2004, (Pre-Answer at Apps. U, V, and W), when Mr. Diaz filed his second Rule 35(c) postconviction motion, a period of over eight years.

Mr. Diaz does not allege in either the Application or his Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He conceivably is arguing, however, that because he was denied access to court records and transcripts there were impediments to filing an application which were created by

state action, and the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence.

Mr. Diaz's due diligence and impediment claims lack merit. Even if the Court were to consider the date when Mr. Diaz first filed a request for the court record and trial transcripts, he did not file a motion for copies of the court records or trial transcripts until February 18, 2000, almost four years after 28 U.S.C. § 2244(d) became effective. Mr. Diaz's four-year delay in requesting the court records and trial transcripts does not show due diligence. Furthermore, Mr. Diaz does not assert an impediment caused by the state during the four-year delay that interfered with his securing court records and transcripts. Mr. Diaz also does not state why he needed the transcripts and court records before he could file a second postconviction motion.

Based on the above determinations, the Court finds that the one-year limitation period began to run on April 25, 1996, the day after § 2244(d) became effective. Mr. Diaz did not attempt to challenge the criminal cases at issue in this action until at the earliest February 18, 2000. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect,

8

however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Diaz bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Diaz asserts in his Reply that he has actively pursued his judicial remedies for the past twenty years. Nonetheless, he fails to assert with specificity why he waited four years from the date his first postconviction motion was final until he sought copies of the court record and trial transcripts.

Although Mr. Diaz contends that he has mental deficiencies, brain damage, or learning disabilities, he relies on findings from a January 25, 1988, evaluation for this contention. (Reply at App. D.) The test results, in the 1988 evaluation, found that Mr. Diaz fell in the low normal range of intellectual ability. (Reply, App. D at 5.) The evaluation further found that his short-term memory was fairly intact and that his current performance was compromised by a lack of good educational opportunities. (Reply, App. D at 4.) During the interview by the evaluator, Mr. Diaz admitted he is an alcoholic but stated that he had been sober since 1984. (Reply, App. D at 3.) There also is indication that Mr. Diaz may have indulged in paint sniffing as a juvenile, was subjected to minor head injuries, and suffered from black-outs due to drinking. (Reply, Ex. D at 2-3.) Also, in 1976, when Mr. Diaz was about seventeen years of age, he was found to

be reading at a first or second grade level. (Reply, App. D (Hebbelman Letter) at 7.) The evaluator concluded, however, that Mr. Diaz is capable of being trained.

The Court of Appeals for the Tenth Circuit has found that dyslexia, a learning disability, is not a ground for tolling time under 28 U.S.C. § 2244(d). *See Laurson v. Leyba*, 507 F.3d 1230 (10th Cir. 2007) (citing *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy does not toll limitations period); *Jamison v. Jones*, 197 Fed. Appx. 743, 746 (10th Cir. 2006) (unpublished) (following *Turner*); *United States v. Richardson*, 215 F.3d 1338 (10th Cir. 2000) (unpublished decision table) (learning disability does not toll limitations period). Based on *Laurson* and the cases to which *Laurson* cites, it is clear the Tenth Circuit has found that illiteracy and learning disabilities do not toll the time under § 2244(d). The type of learning disabilities that Mr. Diaz may exhibit are similar to the disability addressed in *Laurson* and do not provide a basis for this Court to find that the time during which he did not have a postconviction motion or collateral proceeding pending in state court is tolled for the purposes of § 2244(d).

Furthermore, Mr. Diaz has been able to file at least two postconviction motions in state court and other motions requesting state court records and transcripts and to present the instant action in this Court. His alleged disability does not present an extraordinary situation when circumstances beyond his control made it impossible to file a 28 U.S.C. § 2254 application on time.

The Court finds that Mr. Diaz fails to demonstrate that equitable tolling is appropriate, and the instant action is barred by the one-year limitation period.

B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Diaz has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review because the Application is time-barred under 28 U.S.C. § 2244(d). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year time limitation in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __8__ day of ___Oct-___, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01543-BNB

Freddie A. Diaz
Prisoner No. 45473
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/9/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk